**SO ORDERED.**

**SIGNED this 08 day of October, 2010.**

_____
Randy D. Doub
United States Bankruptcy Judge

---

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JDG INVESTMENTS, INC. ) | Case No. 10-05450-8-RDD |
| ) | Chapter 11 |
| Debtor. ) | |

### ORDER GRANTING MOTION TO APPROVE SALES PROCEDURE AND TO SELL PROPERTY FREE AND CLEAR OF LIENS AND OTHER INTERESTS WITH LIENS TO ATTACH TO PROCEEDS PURSUANT TO 11 U.S.C. § 363

THIS CAUSE was scheduled for hearing before the undersigned United States Bankruptcy Judge on September 29, 2010, upon the Motion for to Approve Sales Procedure and to Sell Property Free and Clear of Liens and Other Interests with Liens to Attach to Proceeds Pursuant to U.S.C. § 363 filed by the Debtor ("Motion").

THEREFORE, based upon the Motion, the arguments of counsel, and the record in this case, the Court hereby makes the following FINDING OF FACT and CONCLUSIONS OF LAW:

1

1. The Debtor is engaged in the business of developing residential subdivisions.

2. This Motion is made pursuant to the provisions of Sections 363(f), 105, and 1101, *et seq*. of the Bankruptcy Code and subject to Rule 6004 of the Bankruptcy Rules which provide for a subsequent determination of the validity, priority, and extent of such liens after due notice and a hearing as provided by law.

3. At the September 29, 2010 hearing, secured creditor Capital Bank and junior lien holder S.T. Wooten, consented to the proposed sales procedure and did not object to the lot price as to the subdivisions known as Tymber Creek and Hunter's Mill; however, the two parties were unable to agree to the Cash Collateral Budget associated with the two subdivisions. To that end, any lots sold in Tymber Creek or Hunters Mill shall be subject to this Sales Procedure Order, but all net proceeds shall be held in the Hendren & Malone, PLLC Trust Account pending agreement between Capital Bank and S.T. Wooten or as otherwise approved by this Court at the Confirmation Hearing on the Plan of Reorganization.

WHEREFORE, based upon the foregoing Findings of Fact and Conclusions of Law, the Court hereby ORDERS:

1. Pursuant to Section 363(f) of the Bankruptcy Code, the Debtor, may sell the real property as more specifically described in Exhibit "A" attached to the Motion, and any improvements free and clear of all liens, encumbrances, rights, interests, and claims of record thereon (collectively the "Property" and individually, the "Lots"). The Property is generally described as follows:

Walnut Creek Tract 1
Approximately 18 acres of undeveloped land on Highway 42 West in Clayton in Johnston County, North Carolina

Walnut Creek Tract 2

Approximately 11 acres consisting of 19 fully developed single-family lots located on Highway 42 West in Clayton in Johnston County, North Carolina

Knolls at the Neuse
164 fully developed single-family lots located in Clayton in Johnston County, North Carolina

Hunter's Mill
41 Fully developed single-family lots located near Interstate 40 and Highway 42 in Cleveland in Johnston County, North Carolina

White Oak Landing
64 single-family lots (25 developed lots located in Wake County and 38 lots located in Johnston County)[1] off White Oak Road in Clayton, North Carolina

Tymber Creek
14 fully developed single-family lots located off Cleveland Road, Hwy 1010 in Cleveland in Johnston County, North Carolina

2. The sale of the aforementioned property, pursuant to any private or public sale hereafter approved by the Court is being proposed in good faith, will be in the best interest of the estate, and will be made for a sound business purpose, *to wit*:

A. The sale of the Property is in the best interest of the Estate, as a sale may allow the Debtor to receive a maximum return for its creditors.

B. The Debtor believes that a proposed sale would provide a fair and reasonable means of obtaining the greatest return on the Property. Further, any sale would be conducted in good faith.

3. The sale of the Property be made free and clear of any and all liens, encumbrances, claims, rights and other interests, including but not limited to the following:

A. Any and all real property taxes due and owing to any City, County or municipal corporation, and more particularly, to the Johnston or Wake County Tax

---

[1] Crescent State Bank asserts that there are fewer than 64 saleable single-family lots in White Oak Landing. This Order shall apply to the sale of all single-family lots sold in White Oak Landing regardless of the actual number of saleable lots, but does not otherwise prejudice Crescent State Bank from presenting evidence in conjunction with any future motion for relief, or otherwise, that there are fewer saleable lots in White Oak Landing than Debtor alleges.

Collectors.

B. Capital Bank

C. Crescent State Bank

D. Four Oaks Bank

E. KS Bank

F. ST Wooten

G. Any and all remaining interests, liens, encumbrances, rights and claims asserted against the Property, which relate to or arise as a result of a sale of the Property, or which may be asserted against the buyer of the Property, including, but not limited to, those liens, encumbrances, interests, rights and claims, whether fixed and liquidated or contingent and unliquidated, that have or may be asserted against the Property or the buyer of the Property by the North Carolina Department of Revenue, the Internal Revenue Service, the Employment Security Commission, and any and all other taxing and government authorities.

4. The sales procedure for each Lot included on the attached Exhibit "A" to the Motion is as follows:

A. All real estate closings must be conducted by a licensed attorney.

B. The closing attorney must prepare and deliver by facsimile transmission a preliminary HUD-1 Settlement Statement and title opinion to the secured parties of record and any other party requesting notice for their approval of the same, which approval shall not be unreasonably withheld. <u>The preliminary HUD-1 Settlement Statement shall be deemed accepted unless an objection is submitted in writing to counsel for the Debtors and the closing attorney within three (3) business days of receipt of the same. If a secured or judgment creditor timely objects in writing as</u>

4

<u>stated herein, the seller shall immediately advise the Court of same and obtain an expedited hearing with respect to the proposed sale.</u>

C. The seller shall serve all secured parties of record a copy of the closing attorney's title opinion and a copy of the final HUD-1 Settlement Statement not less than three (3) business days prior to any disbursement of proceeds. Said service shall be made by facsimile transmission. Disbursement of sale proceeds shall be first distributed to closing costs, second to approved 506(c) fees and expenses related to the sale; then to secured creditors pursuant to outstanding Orders of the Court, then to the seller subject to all limitations set forth in the then current cash collateral order applicable to the seller; then to creditors or other parties entitled to receive the same pursuant to any other Orders of the Court or a confirmed Plan of Reorganization. All proceeds after payment of closing costs shall be deposited in an interest bearing escrow account maintained by Hendren & Malone, PLLC for distribution in accordance with the terms of this Order and the final HUD-1 Settlement Statement described above.

5. The herein described liens shall attach to the proceeds of sale, if any, subject to the relative priorities and in accordance with the Bankruptcy Code.

6. The proceeds of sale of any unencumbered or under-encumbered property shall be subject to payment of all reasonable administrative costs of this proceeding as provided for by Sections 330, 503, 507, and other applicable sections of the Bankruptcy Code, as the Court may allow. Notwithstanding, all proceeds shall be governed by the Cash Collateral Order entered by the Court.

7. This Court, after notice and a hearing, may authorize a surcharge of the collateral proceeds from the sale of the Property for the payment of the reasonable, necessary costs and

expenses of preserving, or disposing of, the Property, including the quarterly fee incurred as a result of any sale, but only to the extent that such costs and expenses benefit the holders of allowed secured claims against the Property, as provided for by 11 U.S.C. § 506(c) and as established pursuant to the terms of the Cash Collateral Order entered by this Court.. In no event, however, shall the Debtor seek recovery of professional fees, expenses, or disbursements, or fees owed pursuant to 28 U.S.C. § 1930, as 506(c) expenses beyond the amounts collected as part of the Administrative Escrow and the Bankruptcy Quarterly Fee Escrow, as applicable, established pursuant to the terms of the Cash Collateral Order entered by the Court. All other expenses associated with the sale of the Property and the administration of this case, except those that have been afforded priority or superpriority status by previous orders of this Court, shall be paid as provided by 11 U.S.C. § 503(b), in accordance with the priorities set forth in 11 U.S.C. § 507(a)(2). With the exception of any quarterly fees owed pursuant to 28 U.S.C. § 1930, all such costs and expenses shall be approved by the Court prior to payment.

**End of Document**